# EXHIBIT A

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| BLUESTONE ENERGY SALES CORPORATION, | ) |
| A&G COAL CORPORATION, | ) |
| TAMS MANAGEMENT, INC., | ) |
| DYNAMIC ENERGY, INC., | ) |
| KENTUCKY FUEL CORPORATION, and | ) Case No.: |
| NINE MILE MINING, INC. | ) |
| Plaintiffs | ) |
| v. | ) |
| BANK OF NORTH CAROLINA, and | ) |
| PINNACLE BANK | ) |
| Defendants | ) |

## COMPLAINT

COMES NOW, Bluestone Energy Sales Corporation, A&G Coal Corporation, TAMS Management, Inc., Dynamic Energy, Inc., Kentucky Fuel Corporation and Nine Mile Mining, Inc. (collectively the "Plaintiffs'), by counsel, and hereby file this Complaint against Bank of North Carolina and Pinnacle Bank. In support thereof, Plaintiffs states as follows:

### PARTIES

1. Bluestone Energy Sales Corporation ("Bluestone") is a Virginia corporation with its principal office located in Roanoke, Virginia.

1

2. A&G Coal Corporation ("A&G Coal") is a Virginia corporation with its principal office located in Roanoke, Virginia.

3. Tams Management, Inc. ("Tams") is a West Virginia corporation with its principal office located in Roanoke, Virginia.

4. Dynamic Energy, Inc. ("Dynamic") is a West Virginia corporation with its principal office located in Roanoke, Virginia.

5. Kentucky Fuel Corporation ("Kentucky Fuel") is a Delaware corporation with its principal office located in Roanoke, Virginia.

6. Nine Mile Mining, Inc. ("Nine Mile") is a Virginia corporation with its principal office located in Roanoke, Virginia. All of the Plaintiffs, except for Bluestone, are referred to collectively herein as the "Taxpayer Plaintiffs."

7. Bank of North Carolina ("BNC") is a North Carolina corporation with its principal office in High Point, North Carolina.

8. Pinnacle Bank ("Pinnacle") is a Tennessee corporation with its principal office in Nashville, Tennessee.

## FACTUAL BACKGROUND

9. BNC is a financial institution which provides banking and other financial services to businesses and individuals.

10. Pinnacle is also a financial institution which provides banking and other financial services to businesses and individuals.

11. The Plaintiffs each have separate banking relationships with BNC under which the Plaintiffs maintain various financial accounts with BNC, including their own individual business checking accounts (i.e., each entity has its own account and account

2

number, and these are not "joint accounts"). These accounts are subject to an Account Agreement with BNC. Additionally, as part of a treasury management system, Bluestone and BNC have a Business Zero Balance Sweep Balance Agreement whereby Bluestone's financial account automatically transfers amounts that exceed, or fall short of, a certain level at the close of each business day. This account assists with funding the financial accounts of the Taxpayer Plaintiffs (among other entities).

12. Bluestone, however, maintains its own financial accounts with BNC and does not comingle its assets with the other Plaintiffs.

13. The Plaintiffs do not have any financial accounts with Pinnacle and do not conduct any business with Pinnacle. There is no banking relationship between Pinnacle and the Plaintiffs.

14. On June 16, 2017, Pinnacle and BNC announced that the two entities had merged. According to a press release, Pinnacle intends to operate BNC as a division of Pinnacle until late in the third quarter of 2017.

15. The merger did not alter the Plaintiffs' financial accounts and BNC is still the operator of these accounts. The Plaintiffs make deposits, write checks and conduct other banking functions solely at BNC. In fact, the Plaintiffs cannot perform these functions at Pinnacle because they do not have any accounts with Pinnacle.

16. On July 21, 2017, the Internal Revenue Service ("IRS") issued a Notice of Levy to Pinnacle and requested that Pinnacle attach and transfer funds for unpaid taxes associated with A&G Coal, Tams, Dynamic, Kentucky Fuel and Nine Mile. No levy was issued to Bluestone and no levy was issued to or served upon BNC.

3

17. BNC was never served with a levy from the IRS, instead, BNC learned of the levies from Pinnacle and immediately seized and attached Bluestone's funds. Again, Bluestone was not subject to any tax levy and maintains completely separate accounts from the Taxpayer Plaintiffs. Regardless, BNC withdrew funds from Bluestone for the following levies: $694,105.15 (A&G Coal), $145,007.09 (Tams), $255,955.00 (Dynamic), $136,084.97 (Kentucky Fuel), and $120, 251.59 (Nine Mile). The overall withdraws from Bluestone totaled $1,351,403.80.

18. BNC had no legal right to attach and transfer these assets. Pinnacle, not BNC was subject to the levy, and the seizure of Bluestone's assets was wholly improper.

19. To date, Bluestone has demanded that BNC and/or Pinnacle return the improperly seized funds, but the Defendants have refused to do so.

## COUNT I
## Declaratory Judgment

20. Plaintiffs reallege and incorporate by reference as if specifically pleaded herein the allegations set forth above.

21. Bluestone is a distinct legal entity separate and apart from the other Taxpayer Plaintiffs.

22. Bluestone does not comingle or combine assets with the Taxpayer Plaintiffs and each of the Plaintiffs maintains their own individual bank accounts with BNC (not joint accounts).

23. Bluestone is not subject to a levy issued by the IRS.

24. Pinnacle and BNC assert that they have the right to seize and transfer Bluestone's monetary assets held in Bluestone's BNC account as described herein. The sweep agreement does not grant Pinnacle and/or BNC the legal authority to transfer

4

Bluestone's assets to satisfy the tax levies of the Taxpayer Plaintiffs. Under this type of banking arrangement, applicable case law does not permit such a taking of a third party's asset held at a bank. *See United States v. National Bank of Commerce*, 472 U.S. 713, 105 S.Ct 2919 (1985); *PS Business Parks L.P.v. Deutsch Gilden Inc.*, 287 Va. 410, 758 S.E.2d 508 (2014).

25. Bluestone was not a title owner of the accounts of the Taxpay Plaintiffs.

26. Pinnacle and/or BNC improperly transferred $1,351,403.80 from Bluestone's account to satisfy the IRS levies of the Taxpayer Plaintiffs.

27. From the above, it is clear that there exists between the parties an actual controversy as to whether or not the assets of Bluestone should have been transferred, attached and/or seized by the Defendants.

WHEREFORE, Plaintiffs, respectfully requests that the Court enter judgment granting declaratory relief setting forth the rights and obligations of the parties with respect to whether or not the Defendants had the legal authority to seize, attach and/or transfer Bluestone's assets to satisfy the tax levies of the remaining Plaintiffs.

### COUNT II
### Declaratory Judgment

28. Plaintiffs reallege and incorporate by reference as if specifically pleaded herein the allegations set forth above.

29. Pinnacle bank was issued a notice of levy by the IRS for A&G Coal, Tams, Dynamic, Kentucky Fuel and Nine Mile. No notice of levy was issued to BNC and no levy was issued against Bluestone.

30. The Plaintiffs do not maintain financial accounts with Pinnacle.

5

31. BNC seized, attached and transferred Bluestone's assets in response to the tax levies issued to the remaining Plaintiffs.

32. BNC had no legal authority to respond to a notice of levy issued to Pinnacle and in doing so infringed upon the rights of the Plaintiffs.

33. BNC had no legal authority to seize, attach and transfer the assets of Bluestone.

34. From the above, it is clear that there exists between the parties an actual controversy as to whether or not BNC had the legal authority to seize, attach and transfer the assets of Bluestone to satisfy tax levies issued to Pinnacle regarding the remaining Plaintiffs.

WHEREFORE, Plaintiffs, respectfully requests that the Court enter judgment granting declaratory relief setting forth the rights and obligations of the parties with respect to whether or not BNC had the legal authority to seize, attach and/or transfer Bluestone's assets to satisfy the tax levies of the remaining Plaintiffs.

## COUNT III
### Injunctive Relief

35. Plaintiffs reallege and incorporate by reference as if specifically pleaded herein the allegations set forth above.

36. The Defendants improperly and without legal justification seized, attached and transferred $1,351,403.80 from Bluestone's financial accounts to satisfy the tax levies of the Taxpayer Plaintiffs.

37. This improper and illegal transfer damaged Bluestone and materially impacted its ability to do business and meet its financial obligations.

6

38. Bluestone has and will suffer irreparable harm because the full extent of damages caused by the Defendants' conduct is only estimable by conjecture.

39. Bluestone is likely to prevail on the merits because the Defendants seized Bluestones assets without a notice of levy authorizing such a seizure and BNC seized these funds based upon a notice of levy issued to Pinnacle- a separate and distinct banking institution which holds no accounts for any of the Plaintiffs.

40. Plaintiffs have no adequate remedy at law.

41. Granting an injunction requiring the Defendants to return the improperly seized assets will not disserve the public interests. Nor would such an injunction disserve the Defendants' interests.

WHEREFORE Plaintiffs, respectfully requests that the Court enter an injunction requiring the Defendants to return $1,351,403.80 to Bluestone and for such other and further relief the Court deems necessary and appropriate.

Respectfully submitted,

BLUESTONE ENERGY SALES
CORPORATION, et al.

By: _____
Of Counsel

Aaron B. Houchens (VSB #80489)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, VA 24121
Tel: 540/721-6028
Fax: 540/721-6405
ahouchens@shg-law.com

*Counsel for Plaintiffs*