V

# VIRGINIA

## IN THE CIRCUIT COURT OF THE CITY OF ROANOKE

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 18 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

**BLUESTONE ENERGY SALES**
**CORPORATION, ET AL,**

                                             **Plaintiffs,**

**V.**                                    Case Number: **CL17-1418**
                                                       **7:17-CV-365**

**BANK OF NORTH CAROLINA ET AL,**

                                             **Defendants.**


The United States District Court for the Western District of Virginia having requested that the original case file in this case be forwarded to that Court, to which this case has been removed under the applicable provisions of federal law, it is **ADJUDGED AND ORDERED** that the Clerk forward and transmit such case file to the Clerk of the United States District Court for the Western District of Virginia, and thereupon strike the matter from the pending docket of this Court, sending copies of this Order to all counsel of record.


                         Enter: **8/10/17**

                         _____
                                      **Judge**

A COPY TESTE BRENDA S. HAMILTON, CLERK
By _____ Deputy Clerk

## CIRCUIT COURT

Received Order From

WDB ☐  JCC ☐
DBC ☑  CND ☐

On  AUG 1 1 2017

By  *[signature]*
Deputy Clerk
City of Roanoke

Regarding the *[illegible]* or order to whi
this stamp is affixed, I certify that on
_____ 8|16 _____, 20 17
I delivered a certified copy to:
Houchens, US Dist Court
Denise *[illegible]*
Deputy Clerk Circuit Court, City of Roanoke

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 4 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

Bluestone Energy Sales Corporation et al, )

      Plaintiff(s),

v.

Bank of North Carolina et al,

      Defendant(s).

)
) Civil Action No 7:17CV365
) State Court No. CL17-1418
)
)
) **ORDER**
)
) By: Hon. Glen E. Conrad
)    Chief United States District Judge
)

This case was recently removed from the Circuit Court for Roanoke City, Virginia to the United States District Court for the Western District of Virginia at Roanoke. Finding it necessary and proper to do so, it is hereby

REQUESTED

that the original case file in your Court be forwarded to the Clerk of this court at 210 Franklin Road SW, Suite 540, Roanoke, VA 24011, as contemplated under 28 U.S.C. § 1441, et seq.

The Clerk is directed to send a copy of this Order to the Clerk of the Circuit Court for Roanoke City, 315 Church Avenue, SW, Roanoke, VA 24016.

ENTERED: AUGUST 4, 2017

_____
United States District Judge

**ECF DOCUMENT**

I hereby attest and certify that this is a printed copy of a document that was electronically filed with the United States District Court for the Western District of Virginia.
Date Filed, 8/4/17

Julia C. Dudley, Clerk of Court

Deputy Clerk



## STANLEY & HOUCHENS
### LLC

Aaron B. Houchens
ahouchens@shg-law.com

13508 Booker T. Washington Highway
Moneta, VA 24121
Telephone: 540/721-6028
Facsimile: 540/721-6405
www.shg-law.com

William M. Stanley, Jr.
Diane D. Stanley

July 23, 2017

*Via Electronic Filing*

Brenda Hamilton, Clerk
Roanoke City Circuit Court
315 West Church Avenue
Roanoke, VA 24010-2610

> **RE:   Bluestone Energy Sales Corporation, et al. v. Bank of North Carolina, et al.**

Dear Ms. Hamilton:

I hope this letter finds you well.

Enclosed please find a Complaint for filing in the above-referenced matter.  We will arrange for service on the Defendants via private process server.

If you have any questions, please feel free to contact my office.  I am,

Sincerely,

Aaron B. Houchens

ABH:rs
Enclosure
cc: Dustin Deane, Esq. (w/encl.)
    James C. Justice, III (w/ encl.)

**Roanoke/Salem Office:**
113 E. Main Street, Salem, VA 24153
Phone - 540/389-4498
Facsimile - 540/389-5040

Uploaded: 2017JUL24 09:00 Filed By:Bar# 80489 AHOUCHENS Reference: EF-28642
E-Filed: 2017JUL24 ROANOKE CITY CC JCOLLIER at 2017JUL24 10:12 CL17001418-00

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| **BLUESTONE ENERGY SALES CORPORATION,** | ) |
| **A&G COAL CORPORATION,** | ) |
| **TAMS MANAGEMENT, INC.,** | ) |
| **DYNAMIC ENERGY, INC.,** | )   **Case No.:** |
| **KENTUCKY FUEL CORPORATION, and** | ) |
| **NINE MILE MINING, INC.** | ) |
|   **Plaintiffs** | ) |
| **v.** | ) |
| **BANK OF NORTH CAROLINA, and** | ) |
| **PINNACLE BANK** | ) |
|   **Defendants** | ) |

## COMPLAINT

COMES NOW, Bluestone Energy Sales Corporation, A&G Coal Corporation, TAMS Management, Inc., Dynamic Energy, Inc., Kentucky Fuel Corporation and Nine Mile Mining, Inc. (collectively the "Plaintiffs"), by counsel, and hereby file this Complaint against Bank of North Carolina and Pinnacle Bank. In support thereof, Plaintiffs states as follows:

### PARTIES

1.     Bluestone Energy Sales Corporation ("Bluestone") is a Virginia corporation with its principal office located in Roanoke, Virginia.

STANLEY & HOUCHENS LLC

1

Case 7:17-cv-00365-GEC   Document 12   Filed 08/18/17   Page 5 of 70   Pageid#: 46

2.    A&G Coal Corporation ("A&G Coal") is a Virginia corporation with its principal office located in Roanoke, Virginia.

3.    Tams Management, Inc. ("Tams") is a West Virginia corporation with its principal office located in Roanoke, Virginia.

4.    Dynamic Energy, Inc. ("Dynamic") is a West Virginia corporation with its principal office located in Roanoke, Virginia.

5.    Kentucky Fuel Corporation ("Kentucky Fuel") is a Delaware corporation with its principal office located in Roanoke, Virginia.

6.    Nine Mile Mining, Inc. ("Nine Mile") is a Virginia corporation with its principal office located in Roanoke, Virginia. All of the Plaintiffs, except for Bluestone, are referred to collectively herein as the "Taxpayer Plaintiffs."

7.    Bank of North Carolina ("BNC") is a North Carolina corporation with its principal office in High Point, North Carolina.

8.    Pinnacle Bank ("Pinnacle") is a Tennessee corporation with its principal office in Nashville, Tennessee.

### FACTUAL BACKGROUND

9.    BNC is a financial institution which provides banking and other financial services to businesses and individuals.

10.   Pinnacle is also a financial institution which provides banking and other financial services to businesses and individuals.

11.   The Plaintiffs each have separate banking relationships with BNC under which the Plaintiffs maintain various financial accounts with BNC, including their own individual business checking accounts (i.e., each entity has its own account and account

2

STANLEY & HOUCHENS
LLC

number, and these are not "joint accounts"). These accounts are subject to an Account Agreement with BNC. Additionally, as part of a treasury management system, Bluestone and BNC have a Business Zero Balance Sweep Balance Agreement whereby Bluestone's financial account automatically transfers amounts that exceed, or fall short of, a certain level at the close of each business day. This account assists with funding the financial accounts of the Taxpayer Plaintiffs (among other entities).

12. Bluestone, however, maintains its own financial accounts with BNC and does not comingle its assets with the other Plaintiffs.

13. The Plaintiffs do not have any financial accounts with Pinnacle and do not conduct any business with Pinnacle. There is no banking relationship between Pinnacle and the Plaintiffs.

14. On June 16, 2017, Pinnacle and BNC announced that the two entities had merged. According to a press release, Pinnacle intends to operate BNC as a division of Pinnacle until late in the third quarter of 2017.

15. The merger did not alter the Plaintiffs' financial accounts and BNC is still the operator of these accounts. The Plaintiffs make deposits, write checks and conduct other banking functions solely at BNC. In fact, the Plaintiffs cannot perform these functions at Pinnacle because they do not have any accounts with Pinnacle.

16. On July 21, 2017, the Internal Revenue Service ("IRS") issued a Notice of Levy to Pinnacle and requested that Pinnacle attach and transfer funds for unpaid taxes associated with A&G Coal, Tams, Dynamic, Kentucky Fuel and Nine Mile. No levy was issued to Bluestone and no levy was issued to or served upon BNC.

STANLEY & HOUCHENS
LLC
SH

3

17.     BNC was never served with a levy from the IRS, instead, BNC learned of the levies from Pinnacle and immediately seized and attached Bluestone's funds. Again, Bluestone was not subject to any tax levy and maintains completely separate accounts from the Taxpayer Plaintiffs. Regardless, BNC withdrew funds from Bluestone for the following levies: $694,105.15 (A&G Coal), $145,007.09 (Tams), $255,955.00 (Dynamic), $136,084.97 (Kentucky Fuel), and $120,251.59 (Nine Mile). The overall withdraws from Bluestone totaled $1,351,403.80.

18.     BNC had no legal right to attach and transfer these assets. Pinnacle, not BNC was subject to the levy, and the seizure of Bluestone's assets was wholly improper.

19.     To date, Bluestone has demanded that BNC and/or Pinnacle return the improperly seized funds, but the Defendants have refused to do so.

## COUNT I
## Declaratory Judgment

20.     Plaintiffs reallege and incorporate by reference as if specifically pleaded herein the allegations set forth above.

21.     Bluestone is a distinct legal entity separate and apart from the other Taxpayer Plaintiffs.

22.     Bluestone does not comingle or combine assets with the Taxpayer Plaintiffs and each of the Plaintiffs maintains their own individual bank accounts with BNC (not joint accounts).

23.     Bluestone is not subject to a levy issued by the IRS.

24.     Pinnacle and BNC assert that they have the right to seize and transfer Bluestone's monetary assets held in Bluestone's BNC account as described herein. The sweep agreement does not grant Pinnacle and/or BNC the legal authority to transfer

4

Bluestone's assets to satisfy the tax levies of the Taxpayer Plaintiffs. Under this type of banking arrangement, applicable case law does not permit such a taking of a third party's asset held at a bank. *See United States v. National Bank of Commerce*, 472 U.S. 713, 105 S.Ct 2919 (1985); *PS Business Parks L.P.v. Deutsch Gilden Inc.*, 287 Va. 410, 758 S.E.2d 508 (2014).

25. Bluestone was not a title owner of the accounts of the Taxpay Plaintiffs.

26. Pinnacle and/or BNC improperly transferred $1,351,403.80 from Bluestone's account to satisfy the IRS levies of the Taxpayer Plaintiffs.

27. From the above, it is clear that there exists between the parties an actual controversy as to whether or not the assets of Bluestone should have been transferred, attached and/or seized by the Defendants.

WHEREFORE, Plaintiffs, respectfully requests that the Court enter judgment granting declaratory relief setting forth the rights and obligations of the parties with respect to whether or not the Defendants had the legal authority to seize, attach and/or transfer Bluestone's assets to satisfy the tax levies of the remaining Plaintiffs.

## COUNT II
### Declaratory Judgment

28. Plaintiffs reallege and incorporate by reference as if specifically pleaded herein the allegations set forth above.

29. Pinnacle bank was issued a notice of levy by the IRS for A&G Coal, Tams, Dynamic, Kentucky Fuel and Nine Mile. No notice of levy was issued to BNC and no levy was issued against Bluestone.

30. The Plaintiffs do not maintain financial accounts with Pinnacle.

STANLEY & HOUCHENS LLC
SH

5

31.     BNC seized, attached and transferred Bluestone's assets in response to the tax levies issued to the remaining Plaintiffs.

32.     BNC had no legal authority to respond to a notice of levy issued to Pinnacle and in doing so infringed upon the rights of the Plaintiffs.

33.     BNC had no legal authority to seize, attach and transfer the assets of Bluestone.

34.     From the above, it is clear that there exists between the parties an actual controversy as to whether or not BNC had the legal authority to seize, attach and transfer the assets of Bluestone to satisfy tax levies issued to Pinnacle regarding the remaining Plaintiffs.

WHEREFORE, Plaintiffs, respectfully requests that the Court enter judgment granting declaratory relief setting forth the rights and obligations of the parties with respect to whether or not BNC had the legal authority to seize, attach and/or transfer Bluestone's assets to satisfy the tax levies of the remaining Plaintiffs.

## COUNT III
### Injunctive Relief

35.     Plaintiffs reallege and incorporate by reference as if specifically pleaded herein the allegations set forth above.

36.     The Defendants improperly and without legal justification seized, attached and transferred $1,351,403.80 from Bluestone's financial accounts to satisfy the tax levies of the Taxpayer Plaintiffs.

37.     This improper and illegal transfer damaged Bluestone and materially impacted its ability to do business and meet its financial obligations.

6

38. Bluestone has and will suffer irreparable harm because the full extent of damages caused by the Defendants' conduct is only estimable by conjecture.

39. Bluestone is likely to prevail on the merits because the Defendants seized Bluestones assets without a notice of levy authorizing such a seizure and BNC seized these funds based upon a notice of levy issued to Pinnacle- a separate and distinct banking institution which holds no accounts for any of the Plaintiffs.

40. Plaintiffs have no adequate remedy at law.

41. Granting an injunction requiring the Defendants to return the improperly seized assets will not disserve the public interests. Nor would such an injunction disserve the Defendants' interests.

WHEREFORE Plaintiffs, respectfully requests that the Court enter an injunction requiring the Defendants to return $1,351,403.80 to Bluestone and for such other and further relief the Court deems necessary and appropriate.

Respectfully submitted,

BLUESTONE ENERGY SALES
CORPORATION, et al.

By: _____
Of Counsel

Aaron B. Houchens (VSB #80489)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, VA 24121
Tel: 540/721-6028
Fax: 540/721-6405
ahouchens@shg-law.com

*Counsel for Plaintiffs*

7



# STANLEY & HOUCHENS
## LLC

Aaron B. Houchens
ahouchens@shg-law.com

13508 Booker T. Washington Highway
Moneta, VA 24121
Telephone: 540/721-6028
Facsimile: 540/721-6405
www.shg-law.com

William M. Stanley, Jr.
Diane D. Stanley

July 27, 2017

***Via Electronic Filing***

Brenda Hamilton, Clerk
Roanoke City Circuit Court
315 West Church Avenue
Roanoke, VA 24010-2610

> RE:   **Bluestone Energy Sales Corporation, et al. v. Bank of North Carolina, et al.**
>         **Case Number: CL170001418-00**

Dear Ms. Hamilton:

I hope this letter finds you well.

Enclosed please find Plaintiffs' Motion for Preliminary Injunction and a Notice of Hearing for filing in the above-referenced matter. We will arrange for service on the Defendants via private process server.

If you have any questions, please feel free to contact my office. I am,

Sincerely,

Aaron B. Houchens

ABH:rs
Enclosure
cc: Dustin Deane, Esq. (w/encl.)
    James C. Justice, III (w/ encl.)

Uploaded: 2017JUL27 13:44 Filed By:Bar# 80489 AHOUCHENS Reference: EF-28776
E-Filed: 2017JUL27 ROANOKE CITY CC JCOLLIER at 2017JUL27 14:49 CL17001418-00

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE**

| | |
|---|---|
| **BLUESTONE ENERGY SALES CORPORATION,** | ) |
| | ) |
| **A&G COAL CORPORATION,** | ) |
| | ) |
| **TAMS MANAGEMENT, INC.,** | ) |
| | ) |
| **DYNAMIC ENERGY, INC.,** | ) |
| | )**Case No.: CL170001418-00** |
| **KENTUCKY FUEL CORPORATION, and** | ) |
| | ) |
| **NINE MILE MINING, INC.** | ) |
| | ) |
|     **Plaintiffs** | ) |
| **v.** | ) |
| | ) |
| **BANK OF NORTH CAROLINA, and** | ) |
| | ) |
| **PINNACLE BANK** | ) |
| | ) |
|     **Defendants** | ) |

## MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Virginia Code § 8.01-622 and § 8.01-628 et seq., Plaintiffs, Bluestone

Energy Sales Corporation, A&G Coal Corporation, TAMS Management, Inc., Dynamic

Energy, Inc., Kentucky Fuel Corporation and Nine Mile Mining, Inc. (collectively the

"Plaintiffs"), by counsel, respectfully requests that this Court halt the Defendants Bank of

North Carolina ("BNC") and Pinnacle Bank ("Pinnacle") from distributing funds to the

Internal Revenue Service and to immediately order the return of the improperly seized

funds to Plaintiff Bluestone Energy Sales Corporation ("Bluestone"). In support of its

Motion for Preliminary Injunction, Plaintiff relies upon their Complaint previously filed

herein, and the following:

1

Case 7:17-cv-00365-GEC Document 12 Filed 08/18/17 Page 13 of 70 Pageid#: 54

## ARGUMENT

Although there is no reported Virginia appellate decision discussing the standard to be applied in determining whether a restraining order should be granted, various circuit courts have applied the four-factor analysis used in *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977), in determining whether to issue a preliminary injunction. The four factors are: (1) likelihood that moving party will prevail on the merits; (2) irreparable injury to the moving party absent the requested injunction; (3) harm to the non-moving party should the Court grant the requested injunctive relief; and (4) whether the moving party has an adequate remedy at law. *See also Plate v. Kincannon Place Condo. Ass'n*, 30 Va. Cir. 323 (1993). Of the four factors, (2) and (3) are considered most important. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir.1991). All factors strongly support the Plaintiffs' request for a preliminary injunction.

## IRREPARABLE HARM

Irreparable harm does not mean that "there must be no physical possibility of repairing the injury. All that is meant is that the injury would be a grievous one, or at least a material one, and not adequately reparable in damages." *Callaway v. Webster*, 98 Va. 790, 20 S.E. 364 (1990). Here, BNC bank withdrew over $1.3 million from Bluestone's account without legal authority to do so. This money was used to cover payroll, operating expenses and other essential business needs. Without access to these funds, Bluestone cannot continue to operate its business or meet its financial obligations. This is clearly an irreparable injury which places a very substantial hardship on Bluestone

2

which will cause Bluestone to breach its contractual obligations and other direct but, as of yet, unknown damages.

## INADEQUATE REMEDY AT LAW

Plaintiffs seek an injunction pending the outcome of the underlying Complaint against the Defendants. At this point, Plaintiffs are not seeking monetary damages, nor will monetary relief make the Plaintiffs whole. If the Defendants are permitted to continue to hold the illegally seized assets, the damage to Bluestone will continue to worsen. The damage thus far is dramatic. No legal remedy is appropriate.

## ADVERSE IMPACT ON DEFENDANT

While the damage to the Plaintiffs is imminent and clear, any potential harm to the Defendants from the injunction is minimal. The injunction is of relatively short duration, that is until the resolution of the underlying case. The injunction will prevent BNC or Pinnacle from transferring the seized assets to the IRS. This is a routine banking transaction and will have zero impact on the Defendants.

## LIKELIHOOD OF SUCCESS ON THE MERITS OF THE CLAIMS

On July 21, 2017, the Internal Revenue Service issued a Notice of Levy to Pinnacle and requested that Pinnacle attach and transfer funds for unpaid taxes associated with Plaintiffs A&G Coal, Tams, Dynamic, Kentucky Fuel and Nine Mile. No levy was issued to Bluestone. Regardless, BNC withdrew funds from Bluestone for the following levies: $694,105.15 (A&G Coal), $145,007.09 (Tams), $255,955.00 (Dynamic), $136,084.97 (Kentucky Fuel), and $120,251.59 (Nine Mile). BNC had no legal right to attach and transfer these assets.

3

STANLEY & HOUCHENS
LLC

In order for an IRS levy to be properly had against Bluestone's BNC account, BNC and the IRS must have determined that the Plaintiffs other than Bluestone either own property in the Bluestone account, or had rights to property held in that account. *See, inter alia,* 26 CFR 301.6332-1. However, the threshold question of whether the Plaintiffs other than Bluestone have a legal right to property in the Bluestone account is a governed by state law- not federal statute. The Supreme Court of the United States held in *United States v. National Bank of Commerce,* 472 U.S. 713 (1985) that "[I]n the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property." *Id.* at 722 (citing *Aquilino v. United States,* 363 U.S. 509, 513 (1960), quoting *Morgan v. Commissioner,* 309 U.S. 78, 82 (1940)).

In this case, Bluestone is a Virginia corporation and its principal place of business is in Roanoke City, Virginia. Its bank account was created at and is held at BNC's local Roanoke City, Virginia branch. Therefore, Virginia law controls the question as to who has a legal interest in the Bluestone bank account.

Fortunately, the Supreme Court of Virginia has decided this issue. A similar situation was presented in *PS Business Parks L.P. v. Deutsch Gilden Inc.,* 287 Va. 410, 758 S.E.2d 508 (2014). In *PS Business,* a landlord rented storefront to Family Furniture Centers, Inc. and Deutsch & Gilden, Inc. ("Deutsch") guaranteed the lease. *Id.* at 414. The tenants defaulted on the lease and PS Business obtained a judgment against the companies for $644,923.24. *Id.* A garnishment was subsequently issued naming Deutsch as the debtor. SunTrust bank seized funds in the amount of $133,656.69 from an account titled to G&D Furniture holdings, Inc. ("G&D"). *Id.* at 415. G&D was the owner of a

4

STANLEY & HOUCHENS LLC

master account in a treasury management service which had various associated accounts which were held by Deutsch. *Id.* Under this arrangement ""funds are brought back out of the master to the subsidiary accounts, ... to answer for needs; to pay checks that are presented on that subsidiary account, to honor automated clearing house debits, to perform wire transfers, [and] other sorts of desired transactions in the subsidiary accounts." *Id.* Given the fact that G&D was not a named debtor, it moved to quash the garnishment summons and contested the seizure of funds. The trial court granted the motion to quash and an appeal followed. *Id.* at 416.

The Supreme Court of Virginia held that, in the absence of a contractual relationship between the Deutsch and G&D accounts, the periodic transfer of funds between those accounts does not establish a debtor relationship between SunTrust and G&D which would subject those funds to a garnishment issued to Deutsch. *Id.* at 417. As such, PS business had no right to the funds held in G&D's account. *Id.* An identical situation is presented here.

The banking relationship between Deutsch and G&D, specifically the use of a treasury management service and zero balance account, is identical to the banking relationship between Bluestone and the remaining Plaintiffs. There is no contractual relationship between Bluestone and the remaining Plaintiffs which granted an interest in Bluestone's bank accounts. Nor does the periodic transfer of funds sufficient to create such an interest. The funds held by Bluestone were not subject to an IRS lien and the IRS has no right to possession of the funds in Bluestone's account. The Supreme Court of Virginia's holding in *PS Business* is clear and mandates that BNC had no right to seize

STANLEY & HOUCHENS
LLC

these funds. Absent this right, the funds must be returned to Bluestone and it is clear that the Plaintiffs are likely to prevail on the merits of their underlying Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs, by counsel, respectfully request that this Court grant Plaintiffs' Motion for Preliminary Injunction and enjoin BNC and Pinnacle from transferring Bluestone's assets to the Internal Revenue Service and to immediately order the return of the improperly seized funds to Bluestone.

Respectfully submitted,

BLUESTONE ENERGY SALES
CORPORATION, et al.

By: _____
Of Counsel

Aaron B. Houchens (VSB #80489)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, VA 24121
Tel: 540/721-6028
Fax: 540/721-6405
ahouchens@shg-law.com

*Counsel for Plaintiffs*

6

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 27th day of July, 2017 a true and

correct copy of the foregoing was sent via U.S. mail to and was served via private process

server on:

Bank of North Carolina
Richard D. Callicutt, II
Registered Agent
3980 Premier Drive, Suite 210
High Point, NC 27265

Pinnacle Bank
Hugh M. Queener
Registered Agent
150 3rd Ave. S
Suite 900
Nashville, TN 37201-2034

STANLEY & HOUCHENS LLC

7

## SERVICE OTHER THAN BY VIRGINIA SHERIFF

COMMONWEALTH OF VIRGINIA

VA. CODE §§ 8.01-293, 8.01-320, 8.01-325

Case No. CL17001418-00

Service No. 1 ................................ (Clerk's use only)

ROANOKE CITY ........................................................ Circuit Court

BLUESTONE ENERGY SALES CORP          v.     BANK OF NORTH CAROLINA

BANK OF NORTH CAROLINA, RICHARD D. CALLICUTT, II, 3980 PREMIER DR., SUITE 210, HIGH POINT, NC 27264

is the name and address of the person upon whom service of the following is to be made:

[ ] Summons and Complaint

[x] COMPLAINT

I, the undersigned, swear/affirm that

1. [ ] I am an official or an employee of an official who is authorized to serve process of the type described in the attached Proof of Service and my title and bailiwick are as follows:

   or,

   [x] I am a private process server (list name, address and telephone number below).

   Audra R Coleman PO Box 6766, High Point, NC 27262

2. I am not a party to, or otherwise interested in, the subject matter in controversy in this case.

3. I am 18 years of age or older.

4. I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

   — Date and time of service: July 24, 2017 at 3:00 PM

   — Place of service: 3980 Premier, Suite 210, High Point, NC 27264
   STREET ADDRESS, CITY AND STATE

   — Method of service:

| [X] Personal Service | [ ] Not Found |

[ ] Being unable to make personal service, a copy was delivered in the following manner:

    [ ] Delivery to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of person to be served after giving information of its purport. List name, age of recipient, and relation of recipient to party .................................................

    [ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode (other authorized recipient not found).

    [ ] (Garnishment Summons Only, § 8.01-511) Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

.............................................................................
DATE OF MAILING

CIRCUIT COURT
Received & Filed
JUL 3 1 2017 11:45 AM
By _____
Deputy Clerk
CITY OF ROANOKE

July 24, 2017
DATE

SIGNATURE

Name (Print or Type) ...... Audra R Coleman

State/Commonwealth of North Carolina ............. , [ ] City [X] County of Guilford

Subscribed and sworn to/affirmed before me this 24th day of July ........................ , 2017

by .....................................................
PRINT NAME OF SIGNATORY

.....................................................
DATE

Barbara J Bacon
NOTARY PUBLIC (My commission expires .......................)

Registration No. .....................

BARBARA J. BACON
NOTARY PUBLIC
_____ COUNTY
STATE OF NORTH CAROLINA
MY COMMISSION EXPIRES: 5/10/2022

FORM CC-1407 MASTER 10/13



## STANLEY & HOUCHENS
### LLC

Aaron B. Houchens
ahouchens@shg-law.com

13508 Booker T. Washington Highway
Moneta, VA 24121
Telephone: 540/721-6028
Facsimile: 540/721-6405
www.shg-law.com

William M. Stanley, Jr.
Diane D. Stanley

CIRCUIT COURT
Received & Filed
11:45 AM
JUL 3 1 2017
By _Annie P. Dworkin_
Deputy Clerk
CITY OF ROANOKE

July 27, 2017

Brenda Hamilton, Clerk
Roanoke City Circuit Court
315 West Church Avenue
Roanoke, VA 24010-2610

    **RE:**   **Bluestone Energy Sales Corporation, et al. v. Bank of North Carolina, et al.**
           **Case Number: CL170001418-00**

Dear Ms. Hamilton:

    I hope this letter finds you well.

    Enclosed please find a Proof of Service form for filing in the above-referenced matter. Please return the copy file-stamped in the postage prepaid, self-addressed envelope provided.

    If you have any questions, please do not hesitate to contact my office.

               Very truly yours,

               Aaron B. Houchens

ABH:rs
Enclosure
cc: Dustin Deane, Esq. (w/encl.)
    James C. Justice, III (w/ encl.)

**Roanoke/Salem Office:**
113 E. Main Street, Salem, VA 24153
Phone - 540/389-4498
Facsimile - 540/389-5040

CIRCUIT COURT
Received & Filed
2:00 PM
AUG 0 3 2017
By _____
Deputy Clerk
CITY OF ROANOKE

**VIRGINIA:**

### IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| BLUESTONE ENERGY SALES CORPORATION, A&G COAL CORPORATION, TAMS MANAGEMENT, INC., DYNAMIC ENERGY, INC., KENTUCKY FUEL CORPORATION, INC., and NINE MILE MINING, INC., | ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| BANK OF NORTH CAROLINA and PINNACLE BANK, | ) ) ) |
| Defendants. | ) ) |

Civil Case No. CL170001418-00

### NOTICE OF FILING A NOTICE OF REMOVAL

Defendants Pinnacle Bank and Bank of North Carolina hereby give notice that they have

filed a Notice of Removal of this case in the United States District Court for the Western District

of Virginia. A copy of the Notice of Removal filed in the United States District Court for the

Western District of Virginia is attached hereto as **Exhibit A.**

Pursuant to 28 U.S.C. § 1446(d), the filing of this Notice of Filing a Notice of Removal

"shall effect the removal and the State court shall proceed no further unless and until the case is

remanded."

Dated: August 3, 2017

_(signature)_

Edward J. Fuhr (VSB # 28082)
efuhr@hunton.com
Eric H. Feiler (VSB # 44048)
efeiler@hunton.com
Johnathon E. Schronce (VSB # 80903)
jschronce@hunton.com
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Email:       efuhr@hunton.com
             efeiler@hunton.com
             jschronce@hunton.com
Telephone:  804-788-8200
Facsimile:  804-788-8218

*Counsel for Defendants*
*Pinnacle Bank and Bank of North Carolina*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August 2017, a true and correct copy of the foregoing NOTICE OF FILING A NOTICE OF REMOVAL was filed via hand delivery to the Circuit Court for the City of Roanoke and service was sent via email and overnight courier, to the following counsel of record for Plaintiffs:

Aaron B. Houchens
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, Virginia 24121
Telephone: 570-721-6028
Facsimile: 570-721-6405
ahouchens@shg-law.com

*Counsel for Plaintiffs*

Edward J. Fuhr (VSB # 28082)
efuhr@hunton.com
Eric H. Feiler (VSB # 44048)
efeiler@hunton.com
Johnathon E. Schronce (VSB # 80903)
jschronce@hunton.com
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Email:         efuhr@hunton.com
                   efeiler@hunton.com
                   jschronce@hunton.com
Telephone: 804-788-8200
Facsimile: 804-788-8218

*Counsel for Defendants*
*Pinnacle Bank and Bank of North Carolina*

3

# EXHIBIT A

| | |
|---|---|
| BLUESTONE ENERGY SALES CORPORATION, A&G COAL CORPORATION, TAMS MANAGEMENT, INC., DYNAMIC ENERGY, INC., KENTUCKY FUEL CORPORATION, INC., and NINE MILE MINING, INC., | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BANK OF NORTH CAROLINA and PINNACLE BANK, | ) ) ) ) |
| Defendants. | ) |

Civil Case No. _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Pinnacle Bank and Bank of North Carolina hereby give notice of the removal of this action from the Circuit Court for the City of Roanoke, Virginia, to the United States District Court for the Western District of Virginia, and respectfully state as follows:

1.      On July 24, 2017, Plaintiffs Bluestone Energy Sales Corporation; A&G Coal Corporation; Tams Management, Inc.; Dynamic Energy, Inc.; Kentucky Fuel Corporation; and Nine Mile Mining, Inc. (collectively "Plaintiffs") commenced the above-styled action by filing a Complaint in the Circuit Court for the City of Roanoke, Virginia (the "Circuit Court"), Case No. CL 170001418-00 (the "Civil Action"). The Complaint is attached hereto as **Exhibit** A and incorporated herein by reference.

2.      Defendants were served or purported to be served with a summons and a copy of the Complaint on July 24, 2017. On July 27, 2017, Plaintiffs filed a Motion for Preliminary

1

Injunction, which they set for a hearing on August 4, 2017. The Motion for Preliminary Injunction is attached hereto as **Exhibit B** and incorporated herein by reference.

3. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331 because it involves matters directly affecting the operation of federal tax liens.

4. This Court also has original jurisdiction over this civil action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiffs and Defendants and, pursuant to 28 U.S.C. § 1446(c)(2), the amount in controversy is $1,351,403.80.

5. According to the Complaint, Plaintiff Bluestone Energy Sales Corporation is a Virginia corporation with its principal office located in Roanoke, Virginia. Plaintiff Bluestone Energy Sales Corporation is therefore a citizen of Virginia.

6. According to the Complaint, Plaintiff A&G Coal Corporation is a Virginia corporation with its principal office located in Roanoke, Virginia. Plaintiff A&G Coal Corporation is therefore a citizen of Virginia.

7. According to the Complaint, Plaintiff Dynamic Energy, Inc. is a West Virginia corporation with its principal office located in Roanoke, Virginia. Plaintiff Dynamic Energy, Inc. is therefore a citizen of Virginia and West Virginia.

8. According to the Complaint, Plaintiff Kentucky Fuel Corporation is a Delaware corporation with its principal office located in Roanoke, Virginia. Plaintiff Kentucky Fuel Corporation is therefore a citizen of Delaware and Virginia.

9. According to the Complaint, Plaintiff Nine Mile Mining, Inc. is a Virginia corporation with its principal office located in Roanoke, Virginia. Plaintiff Nine Mile Mining, Inc. is therefore a citizen of Virginia.

2

10. According to the Complaint, Plaintiff Tams Management, Inc. is a West Virginia corporation with its principal office located in Roanoke, Virginia. Plaintiff Tams Management, Inc. is therefore a citizen of Virginia and West Virginia.

11. Defendant Pinnacle Bank is a Tennessee state-chartered bank with its principal office located in Nashville, Tennessee. Defendant Pinnacle Bank is therefore a citizen of Tennessee.

12. Until June 16, 2017, Defendant Bank of North Carolina was a North Carolina state-chartered bank with its principal office located in High Point, North Carolina. Defendant Bank of North Carolina was therefore a citizen of North Carolina.

13. On June 16, 2017, Bank of North Carolina merged with and into Pinnacle Bank. As a result, Bank of North Carolina no longer exists.

14. Defendants may remove this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because the action invokes a federal question, and because Plaintiffs are citizens of different states than each of the Defendants and the amount-in-controversy requirement is satisfied.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this Court is within the district and division where the Civil Action is pending.

16. Pursuant to 28 U.S.C. § 1446(b), Defendants have filed this Notice of Removal within 30 days after the receipt of the Complaint. Accordingly, the time period to remove this action has not yet run.

17. Pursuant to 28 U.S.C. § 1446(d), Defendants will file a Notice of Filing a Notice of Removal with the Clerk of the Circuit Court. A copy of the Notice of Filing a Notice of

3

Removal is attached hereto as **Exhibit C.** In addition, that Notice is being served upon counsel for Plaintiffs.

WHEREFORE, Defendants hereby provide notice of the removal of the Civil Action now pending in the Circuit Court for the City of Roanoke, Virginia, to the United States District Court for the Western District of Virginia.

Dated: August 3, 2017

Respectfully Submitted,

By: /s/ Edward J. Fuhr
HUNTON & WILLIAMS LLP
Edward J. Fuhr (VSB # 28082)
efuhr@hunton.com
Eric H. Feiler (VSB # 44048)
efeiler@hunton.com
Johnathon E. Schronce (VSB #80903)
jschronce@hunton.com
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

*Attorneys for Plaintiff Pinnacle Bank*

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2017 I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, and service will be sent via electronic means by the Court's NEF system as well as via email to the following:

Aaron B. Houchens
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, Virginia 24121
Telephone: 570-721-6028
Facsimile: 570-721-6405
ahouchens@shg-law.com
*Counsel for Plaintiffs*

/s/ Johnathon E. Schronce
Edward J. Fuhr (VSB #28082)
Eric H. Feiler (VSB # 44048)
Johnathon E. Schronce (VSB #80903)
HUNTON & WILLIAMS LLP
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: 804-788-8201
Facsimile: 804-788-8218
efuhr@hunton.com
efeiler@hunton.com
jschronce@hunton.com

*Attorneys for Defendants*
 *Pinnacle Bank and Bank of North Carolina*

5

# EXHIBIT A

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE**

| | |
|---|---|
| BLUESTONE ENERGY SALES CORPORATION, ) | |
| ) | |
| A&G COAL CORPORATION, ) | |
| ) | |
| TAMS MANAGEMENT, INC., ) | |
| ) | |
| DYNAMIC ENERGY, INC., ) | |
| ) | **Case No.:** |
| KENTUCKY FUEL CORPORATION, and ) | |
| ) | |
| NINE MILE MINING, INC. ) | |
| ) | |
|     **Plaintiffs** ) | |
| v. ) | |
| ) | |
| BANK OF NORTH CAROLINA, and ) | |
| ) | |
| PINNACLE BANK ) | |
| ) | |
|     **Defendants** ) | |

## COMPLAINT

COMES NOW, Bluestone Energy Sales Corporation, A&G Coal Corporation, TAMS Management, Inc., Dynamic Energy, Inc., Kentucky Fuel Corporation and Nine Mile Mining, Inc. (collectively the "Plaintiffs"), by counsel, and hereby file this Complaint against Bank of North Carolina and Pinnacle Bank. In support thereof, Plaintiffs states as follows:

### PARTIES

1.     Bluestone Energy Sales Corporation ("Bluestone") is a Virginia corporation with its principal office located in Roanoke, Virginia.

1

STANLEY & HOUCHENS
LLC

2.       A&G Coal Corporation ("A&G Coal") is a Virginia corporation with its principal office located in Roanoke, Virginia.

3.       Tams Management, Inc. ("Tams") is a West Virginia corporation with its principal office located in Roanoke, Virginia.

4.       Dynamic Energy, Inc. ("Dynamic") is a West Virginia corporation with its principal office located in Roanoke, Virginia.

5.       Kentucky Fuel Corporation ("Kentucky Fuel") is a Delaware corporation with its principal office located in Roanoke, Virginia.

6.       Nine Mile Mining, Inc. ("Nine Mile") is a Virginia corporation with its principal office located in Roanoke, Virginia. All of the Plaintiffs, except for Bluestone, are referred to collectively herein as the "Taxpayer Plaintiffs."

7.       Bank of North Carolina ("BNC") is a North Carolina corporation with its principal office in High Point, North Carolina.

8.       Pinnacle Bank ("Pinnacle") is a Tennessee corporation with its principal office in Nashville, Tennessee.

## FACTUAL BACKGROUND

9.       BNC is a financial institution which provides banking and other financial services to businesses and individuals.

10.       Pinnacle is also a financial institution which provides banking and other financial services to businesses and individuals.

11.       The Plaintiffs each have separate banking relationships with BNC under which the Plaintiffs maintain various financial accounts with BNC, including their own individual business checking accounts (i.e., each entity has its own account and account

2

number, and these are not "joint accounts"). These accounts are subject to an Account Agreement with BNC. Additionally, as part of a treasury management system, Bluestone and BNC have a Business Zero Balance Sweep Balance Agreement whereby Bluestone's financial account automatically transfers amounts that exceed, or fall short of, a certain level at the close of each business day. This account assists with funding the financial accounts of the Taxpayer Plaintiffs (among other entities).

12.     Bluestone, however, maintains its own financial accounts with BNC and does not comingle its assets with the other Plaintiffs.

13.     The Plaintiffs do not have any financial accounts with Pinnacle and do not conduct any business with Pinnacle. There is no banking relationship between Pinnacle and the Plaintiffs.

14.     On June 16, 2017, Pinnacle and BNC announced that the two entities had merged. According to a press release, Pinnacle intends to operate BNC as a division of Pinnacle until late in the third quarter of 2017.

15.     The merger did not alter the Plaintiffs' financial accounts and BNC is still the operator of these accounts. The Plaintiffs make deposits, write checks and conduct other banking functions solely at BNC. In fact, the Plaintiffs cannot perform these functions at Pinnacle because they do not have any accounts with Pinnacle.

16.     On July 21, 2017, the Internal Revenue Service ("IRS") issued a Notice of Levy to Pinnacle and requested that Pinnacle attach and transfer funds for unpaid taxes associated with A&G Coal, Tams, Dynamic, Kentucky Fuel and Nine Mile. No levy was issued to Bluestone and no levy was issued to or served upon BNC.

3

STANLEY & HOUCHENS LLC

17. BNC was never served with a levy from the IRS, instead, BNC learned of the levies from Pinnacle and immediately seized and attached Bluestone's funds. Again, Bluestone was not subject to any tax levy and maintains completely separate accounts from the Taxpayer Plaintiffs. Regardless, BNC withdrew funds from Bluestone for the following levies: $694,105.15 (A&G Coal), $145,007.09 (Tams), $255,955.00 (Dynamic), $136,084.97 (Kentucky Fuel), and $120, 251.59 (Nine Mile). The overall withdraws from Bluestone totaled $1,351,403.80.

18. BNC had no legal right to attach and transfer these assets. Pinnacle, not BNC was subject to the levy, and the seizure of Bluestone's assets was wholly improper.

19. To date, Bluestone has demanded that BNC and/or Pinnacle return the improperly seized funds, but the Defendants have refused to do so.

**COUNT I**
**Declaratory Judgment**

20. Plaintiffs reallege and incorporate by reference as if specifically pleaded herein the allegations set forth above.

21. Bluestone is a distinct legal entity separate and apart from the other Taxpayer Plaintiffs.

22. Bluestone does not comingle or combine assets with the Taxpayer Plaintiffs and each of the Plaintiffs maintains their own individual bank accounts with BNC (not joint accounts).

23. Bluestone is not subject to a levy issued by the IRS.

24. Pinnacle and BNC assert that they have the right to seize and transfer Bluestone's monetary assets held in Bluestone's BNC account as described herein. The sweep agreement does not grant Pinnacle and/or BNC the legal authority to transfer

4

STANLEY & HOUCHENS LLC

Bluestone's assets to satisfy the tax levies of the Taxpayer Plaintiffs. Under this type of banking arrangement, applicable case law does not permit such a taking of a third party's asset held at a bank. *See United States v. National Bank of Commerce*, 472 U.S. 713, 105 S.Ct 2919 (1985); *PS Business Parks L.P. v. Deutsch Gilden Inc.*, 287 Va. 410, 758 S.E.2d 508 (2014).

25.     Bluestone was not a title owner of the accounts of the Taxpay Plaintiffs.

26.     Pinnacle and/or BNC improperly transferred $1,351,403.80 from Bluestone's account to satisfy the IRS levies of the Taxpayer Plaintiffs.

27.     From the above, it is clear that there exists between the parties an actual controversy as to whether or not the assets of Bluestone should have been transferred, attached and/or seized by the Defendants.

WHEREFORE, Plaintiffs, respectfully requests that the Court enter judgment granting declaratory relief setting forth the rights and obligations of the parties with respect to whether or not the Defendants had the legal authority to seize, attach and/or transfer Bluestone's assets to satisfy the tax levies of the remaining Plaintiffs.

## COUNT II
## Declaratory Judgment

28.     Plaintiffs reallege and incorporate by reference as if specifically pleaded herein the allegations set forth above.

29.     Pinnacle bank was issued a notice of levy by the IRS for A&G Coal, Tams, Dynamic, Kentucky Fuel and Nine Mile. No notice of levy was issued to BNC and no levy was issued against Bluestone.

30.     The Plaintiffs do not maintain financial accounts with Pinnacle.

STANLEY & HOUCHENS
LLC

5

31. BNC seized, attached and transferred Bluestone's assets in response to the tax levies issued to the remaining Plaintiffs.

32. BNC had no legal authority to respond to a notice of levy issued to Pinnacle and in doing so infringed upon the rights of the Plaintiffs.

33. BNC had no legal authority to seize, attach and transfer the assets of Bluestone.

34. From the above, it is clear that there exists between the parties an actual controversy as to whether or not BNC had the legal authority to seize, attach and transfer the assets of Bluestone to satisfy tax levies issued to Pinnacle regarding the remaining Plaintiffs.

WHEREFORE, Plaintiffs, respectfully requests that the Court enter judgment granting declaratory relief setting forth the rights and obligations of the parties with respect to whether or not BNC had the legal authority to seize, attach and/or transfer Bluestone's assets to satisfy the tax levies of the remaining Plaintiffs.

## COUNT III
### Injunctive Relief

35. Plaintiffs reallege and incorporate by reference as if specifically pleaded herein the allegations set forth above.

36. The Defendants improperly and without legal justification seized, attached and transferred $1,351,403.80 from Bluestone's financial accounts to satisfy the tax levies of the Taxpayer Plaintiffs.

37. This improper and illegal transfer damaged Bluestone and materially impacted its ability to do business and meet its financial obligations.

6

STANLEY & HOUCHENS LLC

38.     Bluestone has and will suffer irreparable harm because the full extent of damages caused by the Defendants' conduct is only estimable by conjecture.

39.     Bluestone is likely to prevail on the merits because the Defendants seized Bluestones assets without a notice of levy authorizing such a seizure and BNC seized these funds based upon a notice of levy issued to Pinnacle- a separate and distinct banking institution which holds no accounts for any of the Plaintiffs.

40.     Plaintiffs have no adequate remedy at law.

41.     Granting an injunction requiring the Defendants to return the improperly seized assets will not disserve the public interests.   Nor would such an injunction disserve the Defendants' interests.

WHEREFORE Plaintiffs, respectfully requests that the Court enter an injunction requiring the Defendants to return $1,351,403.80 to Bluestone and for such other and further relief the Court deems necessary and appropriate.

Respectfully submitted,

BLUESTONE ENERGY SALES
CORPORATION, et al.

By: _____
                Of Counsel

Aaron B. Houchens (VSB #80489)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, VA 24121
Tel: 540/721-6028
Fax: 540/721-6405
ahouchens@shg-law.com

*Counsel for Plaintiffs*

STANLEY & HOUCHENS, LLC

7

# EXHIBIT B

VIRGINIA:

### IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| BLUESTONE ENERGY SALES CORPORATION, | ) |
| A&G COAL CORPORATION, | ) |
| TAMS MANAGEMENT, INC., | ) |
| DYNAMIC ENERGY, INC., | ) |
| KENTUCKY FUEL CORPORATION, and | )Case No.: CL170001418-00 |
| NINE MILE MINING, INC. | ) |
|     Plaintiffs | ) |
| v. | ) |
| BANK OF NORTH CAROLINA, and | ) |
| PINNACLE BANK | ) |
|     Defendants | ) |

### MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Virginia Code § 8.01-622 and § 8.01-628 et seq., Plaintiffs, Bluestone Energy Sales Corporation, A&G Coal Corporation, TAMS Management, Inc., Dynamic Energy, Inc., Kentucky Fuel Corporation and Nine Mile Mining, Inc. (collectively the "Plaintiffs"), by counsel, respectfully requests that this Court halt the Defendants Bank of North Carolina ("BNC") and Pinnacle Bank ("Pinnacle") from distributing funds to the Internal Revenue Service and to immediately order the return of the improperly seized funds to Plaintiff Bluestone Energy Sales Corporation ("Bluestone"). In support of its Motion for Preliminary Injunction, Plaintiff relies upon their Complaint previously filed herein, and the following:

1

STANLEY & HOUCHENS LLC

## ARGUMENT

Although there is no reported Virginia appellate decision discussing the standard to be applied in determining whether a restraining order should be granted, various circuit courts have applied the four-factor analysis used in *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977), in determining whether to issue a preliminary injunction. The four factors are: (1) likelihood that moving party will prevail on the merits; (2) irreparable injury to the moving party absent the requested injunction; (3) harm to the non-moving party should the Court grant the requested injunctive relief; and (4) whether the moving party has an adequate remedy at law. *See also Plate v. Kincannon Place Condo. Ass'n*, 30 Va. Cir. 323 (1993). Of the four factors, (2) and (3) are considered most important. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir. 1991). All factors strongly support the Plaintiffs' request for a preliminary injunction.

## IRREPARABLE HARM

Irreparable harm does not mean that "there must be no physical possibility of repairing the injury. All that is meant is that the injury would be a grievous one, or at least a material one, and not adequately reparable in damages." *Callaway v. Webster*, 98 Va. 790, 20 S.E. 364 (1990). Here, BNC bank withdrew over $1.3 million from Bluestone's account without legal authority to do so. This money was used to cover payroll, operating expenses and other essential business needs. Without access to these funds, Bluestone cannot continue to operate its business or meet its financial obligations. This is clearly an irreparable injury which places a very substantial hardship on Bluestone

2

STANLEY & HOUCHENS
LLC

which will cause Bluestone to breach its contractual obligations and other direct but, as of yet, unknown damages.

## INADEQUATE REMEDY AT LAW

Plaintiffs seek an injunction pending the outcome of the underlying Complaint against the Defendants. At this point, Plaintiffs are not seeking monetary damages, nor will monetary relief make the Plaintiffs whole. If the Defendants are permitted to continue to hold the illegally seized assets, the damage to Bluestone will continue to worsen. The damage thus far is dramatic. No legal remedy is appropriate.

## ADVERSE IMPACT ON DEFENDANT

While the damage to the Plaintiffs is imminent and clear, any potential harm to the Defendants from the injunction is minimal. The injunction is of relatively short duration, that is until the resolution of the underlying case. The injunction will prevent BNC or Pinnacle from transferring the seized assets to the IRS. This is a routine banking transaction and will have zero impact on the Defendants.

## LIKELIHOOD OF SUCCESS ON THE MERITS OF THE CLAIMS

On July 21, 2017, the Internal Revenue Service issued a Notice of Levy to Pinnacle and requested that Pinnacle attach and transfer funds for unpaid taxes associated with Plaintiffs A&G Coal, Tams, Dynamic, Kentucky Fuel and Nine Mile. No levy was issued to Bluestone. Regardless, BNC withdrew funds from Bluestone for the following levies: $694,105.15 (A&G Coal), $145,007.09 (Tams), $255,955.00 (Dynamic), $136,084.97 (Kentucky Fuel), and $120,251.59 (Nine Mile). BNC had no legal right to attach and transfer these assets.

STANLEY & HOUCHENS LLC

3

In order for an IRS levy to be properly had against Bluestone's BNC account, BNC and the IRS must have determined that the Plaintiffs other than Bluestone either own property in the Bluestone account, or had rights to property held in that account. *See, inter alia,* 26 CFR 301.6332-1. However, the threshold question of whether the Plaintiffs other than Bluestone have a legal right to property in the Bluestone account is a governed by state law, not federal statute. The Supreme Court of the United States held in *United States v. National Bank of Commerce,* 472 U.S. 713 (1985) that "[I]n the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property." *Id.* at 722 (citing *Aquilino v. United States,* 363 U.S. 509, 513 (1960), quoting *Morgan v. Commissioner,* 309 U.S. 78, 82 (1940)).

In this case, Bluestone is a Virginia corporation and its principal place of business is in Roanoke City, Virginia. Its bank account was created at and is held at BNC's local Roanoke City, Virginia branch. Therefore, Virginia law controls the question as to who has a legal interest in the Bluestone bank account.

Fortunately, the Supreme Court of Virginia has decided this issue. A similar situation was presented in *PS Business Parks L.P. v. Deutsch Gilden Inc.,* 287 Va. 410, 758 S.E.2d 508 (2014). In *PS Business,* a landlord rented storefront to Family Furniture Centers, Inc. and Deutsch & Gilden, Inc. ("Deutsch") guaranteed the lease. *Id.* at 414. The tenants defaulted on the lease and PS Business obtained a judgment against the companies for $644,923.24. *Id.* A garnishment was subsequently issued naming Deutsch as the debtor. SunTrust bank seized funds in the amount of $133,656.69 from an account titled to G&D Furniture holdings, Inc. ("G&D"). *Id.* at 415. G&D was the owner of a

4

STANLEY & HOUCHENS LLC

master account in a treasury management service which had various associated accounts which were held by Deutsch. *Id.* Under this arrangement ""funds are brought back out of the master to the subsidiary accounts, ... to answer for needs; to pay checks that are presented on that subsidiary account, to honor automated clearing house debits, to perform wire transfers, [and] other sorts of desired transactions in the subsidiary accounts." *Id.* Given the fact that G&D was not a named debtor, it moved to quash the garnishment summons and contested the seizure of funds. The trial court granted the motion to quash and an appeal followed. *Id.* at 416.

The Supreme Court of Virginia held that, in the absence of a contractual relationship between the Deutsch and G&D accounts, the periodic transfer of funds between those accounts does not establish a debtor relationship between SunTrust and G&D which would subject those funds to a garnishment issued to Deutsch. *Id.* at 417. As such, PS business had no right to the funds held in G&D's account. *Id.* An identical situation is presented here.

The banking relationship between Deutsch and G&D, specifically the use of a treasury management service and zero balance account, is identical to the banking relationship between Bluestone and the remaining Plaintiffs. There is no contractual relationship between Bluestone and the remaining Plaintiffs which granted an interest in Bluestone's bank accounts. Nor does the periodic transfer of funds sufficient to create such an interest. The funds held by Bluestone were not subject to an IRS lien and the IRS has no right to possession of the funds in Bluestone's account. The Supreme Court of Virginia's holding in *PS Business* is clear and mandates that BNC had no right to seize

5

STANLEY & HOUCHENS
LLC

SH

these funds. Absent this right, the funds must be returned to Bluestone and it is clear that

the Plaintiffs are likely to prevail on the merits of their underlying Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs, by counsel, respectfully request that this

Court grant Plaintiffs' Motion for Preliminary Injunction and enjoin BNC and Pinnacle

from transferring Bluestone's assets to the Internal Revenue Service and to immediately

order the return of the improperly seized funds to Bluestone.

Respectfully submitted,

BLUESTONE ENERGY SALES
CORPORATION, et al.

By: _____
        Of Counsel

Aaron B. Houchens (VSB #80489)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, VA 24121
Tel: 540/721-6028
Fax: 540/721-6405
ahouchens@shg-law.com

        *Counsel for Plaintiffs*

STANLEY & HOUCHENS, LLC

6

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 27th day of July, 2017 a true and correct copy of the foregoing was sent via U.S. mail to and was served via private process server on:

Bank of North Carolina
Richard D. Callicutt, II
Registered Agent
3980 Premier Drive, Suite 210
High Point, NC 27265

Pinnacle Bank
Hugh M. Queener
Registered Agent
150 3rd Ave. S
Suite 900
Nashville, TN 37201-2034

7

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

BLUESTONE ENERGY SALES CORPORATION,  )
A&G COAL CORPORATION,  )
TAMS MANAGEMENT, INC.,  )
DYNAMIC ENERGY, INC.,  )
KENTUCKY FUEL CORPORATION, and  )  Case No.: CL170001418-00
NINE MILE MINING, INC.  )
　　　Plaintiffs  )
v.  )
BANK OF NORTH CAROLINA, and  )
PINNACLE BANK  )
　　　Defendants  )

### NOTICE OF HEARING

TAKE NOTICE that on the 4th day of August, 2017, at 11:00 a.m. the undersigned will appear before the Honorable Judge Charles N. Dorsey, sitting in the Roanoke City courthouse, to be heard on the Plaintiffs' Motion for Preliminary Injunction, previously filed herein.

If you wish to be heard, you must be present.

Respectfully submitted,

BLUESTONE ENERGY SALES
CORPORATION, et. al

By: _____
　　　Of Counsel

1

STANLEY & HOUCHENS LLC

Aaron B. Houchens (VSB #80489)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, VA 24121
Tel: 540/721-6028
Fax: 540/721-6405
ahouchens@shg-law.com

*Counsel for Bluestone Energy Sales Corporation, et. al*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 27th day of July, 2017 a true and correct copy of the foregoing was sent via U.S. mail to and was served via private process server on:

Bank of North Carolina
Richard D. Callicutt, II
Registered Agent
3980 Premier Drive, Suite 210
High Point, NC 27265

Pinnacle Bank
Hugh M. Queener
Registered Agent
150 3rd Ave. S
Suite 900
Nashville, TN 37201-2034

STANLEY & HOUCHENS, LLC

2

# EXHIBIT C

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| **BLUESTONE ENERGY SALES CORPORATION, A&G COAL CORPORATION, TAMS MANAGEMENT, INC., DYNAMIC ENERGY, INC., KENTUCKY FUEL CORPORATION, INC., and NINE MILE MINING, INC.,** ) ) ) ) ) ) | **Civil Case No. CL170001418-00** |

)

**Plaintiffs,** )

**v.** )

**BANK OF NORTH CAROLINA and PINNACLE BANK,** )

**Defendants.** )

## NOTICE OF FILING A NOTICE OF REMOVAL

Defendants Pinnacle Bank and Bank of North Carolina hereby give notice that they have filed a Notice of Removal of this case in the United States District Court for the Western District of Virginia. A copy of the Notice of Removal filed in the United States District Court for the Western District of Virginia is attached hereto as **Exhibit A.**

Pursuant to 28 U.S.C. § 1446(d), the filing of this Notice of Filing a Notice of Removal "shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

Dated: August 3, 2017

/s/Edward J. Fuhr
Edward J. Fuhr (VSB # 28082)
efuhr@hunton.com
Eric H. Feiler (VSB # 44048)
efeiler@hunton.com
Johnathon E. Schronce (VSB # 80903)
jschronce@hunton.com
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Email:        efuhr@hunton.com
              efeiler@hunton.com
              jschronce@hunton.com
Telephone: 804-788-8200
Facsimile: 804-788-8218

*Counsel for Defendants*
*Pinnacle Bank and Bank of North Carolina*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August 2017, a true and correct copy of the foregoing NOTICE OF FILING A NOTICE OF REMOVAL was filed via hand delivery to the Circuit Court for the City of Roanoke and service was sent via email and overnight courier, to the following counsel of record for Plaintiffs:

Aaron B. Houchens
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Morieta, Virginia 24121
Telephone: 570-721-6028
Facsimile: 570-721-6405
ahouchens@shg-law.com

*Counsel for Plaintiffs*

/s/ Johnathon E. Schronce
Edward J. Fuhr (VSB # 28082)
efuhr@hunton.com
Eric H. Feiler (VSB # 44048)
efeiler@hunton.com
Johnathon E. Schronce (VSB # 80903)
jschronce@hunton.com
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Email:        efuhr@hunton.com
              efeiler@hunton.com
              jschronce@hunton.com
Telephone: 804-788-8200
Facsimile: 804-788-8218

*Counsel for Defendants*
*Pinnacle Bank and Bank of North Carolina*

3

# SERVICE OTHER THAN BY VIRGINIA SHERIFF

Case No. CL17001418-00

COMMONWEALTH OF VIRGINIA

VA. CODE §§ 8.01-293, 8.01-320, 8.01-325

Service No. 1 .................................................. (Clerk's use only)

ROANOKE CITY ................................................................ Circuit Court

BLUESTONE ENERGY SALES CORP .......................... v. BANK OF NORTH CAROLINA ...............................

BANK OF NORTH CAROLINA, RICHARD D. CALLICUTT, II, 3980 PREMIER DR, SUITE 210, HIGH POINT, NC 27264

is the name and address of the person upon whom service of the following is to be made:

[ ] Summons and Complaint

[x] COMPLAINT

I, the undersigned, swear/affirm that

1. [ ] I am an official or an employee of an official who is authorized to serve process of the type described in the attached Proof of Service and my title and bailiwick are as follows:

   ......................................................................................................................

   or,

   [ ] I am a private process server (list name, address and telephone number below).

   ......................................................................................................................

   ......................................................................................................................

2. I am not a party to, or otherwise interested in, the subject matter in controversy in this case.

3. I am 18 years of age or older.

4. I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

   — Date and time of service: ..........................................................................................

   — Place of service: ..........................................................................................
   
   STREET ADDRESS, CITY AND STATE

   — Method of service:

| [ ] Personal Service | [ ] Not Found |
|---|---|

[ ] Being unable to make personal service, a copy was delivered in the following manner:

    [ ] Delivery to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of person to be served after giving information of its purport. List name, age of recipient, and relation of recipient to party ....................................

    ..........................................................................................

    [ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode (other authorized recipient not found).

    [ ] (Garnishment Summons Only, § 8.01-511) Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

    ..........................................................................................

    DATE OF MAILING

......................................................      ......................................................

DATE          SIGNATURE

Name (Print or Type) ..............................................................................................

State/Commonwealth of ........................................ , [ ] City [ ] County of ..............................

Subscribed and sworn to/affirmed before me this .................. day of .................................... , 20 ..........

by ..........................................................................................

PRINT NAME OF SIGNATORY          TITLE

......................................................      ......................................................

DATE          NOTARY PUBLIC (My commission expires ..............................................)

Registration No. ..........................................................................................

FORM CC-1407 MASTER 10/13

# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL17001418-00

ROANOKE CITY ............................................................................................................ Circuit Court

315 CHURCH AVENUE, SW, ROANOKE 24016 .............................................................................
                                                    ADDRESS

TO:

BANK OF NORTH CAROLINA, RICHARD D. CALLICUTT, II

3980 PREMIER DR

SUITE 210

HIGH POINT, NC 27264

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

JULY 24, 2017 .................................... HAMILTON, BRENDA S. ..................................................... Clerk
         DATE

                              by   /S/ JANET COLLIER ..................................................................
                                                            DEPUTY CLERK

Instructions:

Hearing Official: ............................................................................

Uploaded: 2017JUL24 09:00 Filed By:Bar# 80489 AHOUCHENS Reference: EF-28642
E-Filed: 2017JUL24 ROANOKE CITY CC JCOLLIER at 2017JUL24 10:12 CL17001418-00

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| **BLUESTONE ENERGY SALES CORPORATION,** | ) |
| | ) |
| **A&G COAL CORPORATION,** | ) |
| | ) |
| **TAMS MANAGEMENT, INC.,** | ) |
| | ) |
| **DYNAMIC ENERGY, INC.,** | ) **Case No.:** |
| | ) |
| **KENTUCKY FUEL CORPORATION, and** | ) |
| | ) |
| **NINE MILE MINING, INC.** | ) |
| | ) |
|     **Plaintiffs** | ) |
| **v.** | ) |
| | ) |
| **BANK OF NORTH CAROLINA, and** | ) |
| | ) |
| **PINNACLE BANK** | ) |
| | ) |
|     **Defendants** | ) |

### COMPLAINT

COMES NOW, Bluestone Energy Sales Corporation, A&G Coal Corporation, TAMS Management, Inc., Dynamic Energy, Inc., Kentucky Fuel Corporation and Nine Mile Mining, Inc. (collectively the "Plaintiffs"), by counsel, and hereby file this Complaint against Bank of North Carolina and Pinnacle Bank. In support thereof, Plaintiffs states as follows:

### PARTIES

1.     Bluestone Energy Sales Corporation ("Bluestone") is a Virginia corporation with its principal office located in Roanoke, Virginia.

1

2.      A&G Coal Corporation ("A&G Coal") is a Virginia corporation with its principal office located in Roanoke, Virginia.

3.      Tams Management, Inc. ("Tams") is a West Virginia corporation with its principal office located in Roanoke, Virginia.

4.      Dynamic Energy, Inc. ("Dynamic") is a West Virginia corporation with its principal office located in Roanoke, Virginia.

5.      Kentucky Fuel Corporation ("Kentucky Fuel") is a Delaware corporation with its principal office located in Roanoke, Virginia.

6.      Nine Mile Mining, Inc. ("Nine Mile") is a Virginia corporation with its principal office located in Roanoke, Virginia. All of the Plaintiffs, except for Bluestone, are referred to collectively herein as the "Taxpayer Plaintiffs."

7.      Bank of North Carolina ("BNC") is a North Carolina corporation with its principal office in High Point, North Carolina.

8.      Pinnacle Bank ("Pinnacle") is a Tennessee corporation with its principal office in Nashville, Tennessee.

## FACTUAL BACKGROUND

9.      BNC is a financial institution which provides banking and other financial services to businesses and individuals.

10.      Pinnacle is also a financial institution which provides banking and other financial services to businesses and individuals.

11.      The Plaintiffs each have separate banking relationships with BNC under which the Plaintiffs maintain various financial accounts with BNC, including their own individual business checking accounts (i.e., each entity has its own account and account

2

STANLEY & HOUCHENS
LLC

number, and these are not "joint accounts"). These accounts are subject to an Account Agreement with BNC. Additionally, as part of a treasury management system, Bluestone and BNC have a Business Zero Balance Sweep Balance Agreement whereby Bluestone's financial account automatically transfers amounts that exceed, or fall short of, a certain level at the close of each business day. This account assists with funding the financial accounts of the Taxpayer Plaintiffs (among other entities).

12. Bluestone, however, maintains its own financial accounts with BNC and does not comingle its assets with the other Plaintiffs.

13. The Plaintiffs do not have any financial accounts with Pinnacle and do not conduct any business with Pinnacle. There is no banking relationship between Pinnacle and the Plaintiffs.

14. On June 16, 2017, Pinnacle and BNC announced that the two entities had merged. According to a press release, Pinnacle intends to operate BNC as a division of Pinnacle until late in the third quarter of 2017.

15. The merger did not alter the Plaintiffs' financial accounts and BNC is still the operator of these accounts. The Plaintiffs make deposits, write checks and conduct other banking functions solely at BNC. In fact, the Plaintiffs cannot perform these functions at Pinnacle because they do not have any accounts with Pinnacle.

16. On July 21, 2017, the Internal Revenue Service ("IRS") issued a Notice of Levy to Pinnacle and requested that Pinnacle attach and transfer funds for unpaid taxes associated with A&G Coal, Tams, Dynamic, Kentucky Fuel and Nine Mile. No levy was issued to Bluestone and no levy was issued to or served upon BNC.

3

17.   BNC was never served with a levy from the IRS, instead, BNC learned of the levies from Pinnacle and immediately seized and attached Bluestone's funds. Again, Bluestone was not subject to any tax levy and maintains completely separate accounts from the Taxpayer Plaintiffs. Regardless, BNC withdrew funds from Bluestone for the following levies: $694,105.15 (A&G Coal), $145,007.09 (Tams), $255,955.00 (Dynamic), $136,084.97 (Kentucky Fuel), and $120,251.59 (Nine Mile). The overall withdraws from Bluestone totaled $1,351,403.80.

18.   BNC had no legal right to attach and transfer these assets. Pinnacle, not BNC was subject to the levy, and the seizure of Bluestone's assets was wholly improper.

19.   To date, Bluestone has demanded that BNC and/or Pinnacle return the improperly seized funds, but the Defendants have refused to do so.

## COUNT I
### Declaratory Judgment

20.   Plaintiffs reallege and incorporate by reference as if specifically pleaded herein the allegations set forth above.

21.   Bluestone is a distinct legal entity separate and apart from the other Taxpayer Plaintiffs.

22.   Bluestone does not comingle or combine assets with the Taxpayer Plaintiffs and each of the Plaintiffs maintains their own individual bank accounts with BNC (not joint accounts).

23.   Bluestone is not subject to a levy issued by the IRS.

24.   Pinnacle and BNC assert that they have the right to seize and transfer Bluestone's monetary assets held in Bluestone's BNC account as described herein. The sweep agreement does not grant Pinnacle and/or BNC the legal authority to transfer

4

STANLEY & HOUCHENS
LLC

Bluestone's assets to satisfy the tax levies of the Taxpayer Plaintiffs. Under this type of banking arrangement, applicable case law does not permit such a taking of a third party's asset held at a bank. *See United States v. National Bank of Commerce*, 472 U.S. 713, 105 S.Ct 2919 (1985); *PS Business Parks L.P.v. Deutsch Gilden Inc.*, 287 Va. 410, 758 S.E.2d 508 (2014).

25. Bluestone was not a title owner of the accounts of the Taxpay Plaintiffs.

26. Pinnacle and/or BNC improperly transferred $1,351,403.80 from Bluestone's account to satisfy the IRS levies of the Taxpayer Plaintiffs.

27. From the above, it is clear that there exists between the parties an actual controversy as to whether or not the assets of Bluestone should have been transferred, attached and/or seized by the Defendants.

WHEREFORE, Plaintiffs, respectfully requests that the Court enter judgment granting declaratory relief setting forth the rights and obligations of the parties with respect to whether or not the Defendants had the legal authority to seize, attach and/or transfer Bluestone's assets to satisfy the tax levies of the remaining Plaintiffs.

## COUNT II
## Declaratory Judgment

28. Plaintiffs reallege and incorporate by reference as if specifically pleaded herein the allegations set forth above.

29. Pinnacle bank was issued a notice of levy by the IRS for A&G Coal, Tams, Dynamic, Kentucky Fuel and Nine Mile. No notice of levy was issued to BNC and no levy was issued against Bluestone.

30. The Plaintiffs do not maintain financial accounts with Pinnacle.



STANLEY & HOUCHENS
LLC

5

31.     BNC seized, attached and transferred Bluestone's assets in response to the tax levies issued to the remaining Plaintiffs.

32.     BNC had no legal authority to respond to a notice of levy issued to Pinnacle and in doing so infringed upon the rights of the Plaintiffs.

33.     BNC had no legal authority to seize, attach and transfer the assets of Bluestone.

34.     From the above, it is clear that there exists between the parties an actual controversy as to whether or not BNC had the legal authority to seize, attach and transfer the assets of Bluestone to satisfy tax levies issued to Pinnacle regarding the remaining Plaintiffs.

WHEREFORE, Plaintiffs, respectfully requests that the Court enter judgment granting declaratory relief setting forth the rights and obligations of the parties with respect to whether or not BNC had the legal authority to seize, attach and/or transfer Bluestone's assets to satisfy the tax levies of the remaining Plaintiffs.

## COUNT III
### Injunctive Relief

35.     Plaintiffs reallege and incorporate by reference as if specifically pleaded herein the allegations set forth above.

36.     The Defendants improperly and without legal justification seized, attached and transferred $1,351,403.80 from Bluestone's financial accounts to satisfy the tax levies of the Taxpayer Plaintiffs.

37.     This improper and illegal transfer damaged Bluestone and materially impacted its ability to do business and meet its financial obligations.

STANLEY & HOUCHENS LLC

6

38.     Bluestone has and will suffer irreparable harm because the full extent of damages caused by the Defendants' conduct is only estimable by conjecture.

39.     Bluestone is likely to prevail on the merits because the Defendants seized Bluestones assets without a notice of levy authorizing such a seizure and BNC seized these funds based upon a notice of levy issued to Pinnacle- a separate and distinct banking institution which holds no accounts for any of the Plaintiffs.

40.     Plaintiffs have no adequate remedy at law.

41.     Granting an injunction requiring the Defendants to return the improperly seized assets will not disserve the public interests.  Nor would such an injunction disserve the Defendants' interests.

WHEREFORE Plaintiffs, respectfully requests that the Court enter an injunction requiring the Defendants to return $1,351,403.80 to Bluestone and for such other and further relief the Court deems necessary and appropriate.

Respectfully submitted,

BLUESTONE ENERGY SALES
CORPORATION, et al.

By:_____
                Of Counsel

Aaron B. Houchens (VSB #80489)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, VA 24121
Tel: 540/721-6028
Fax: 540/721-6405
ahouchens@shg-law.com

         *Counsel for Plaintiffs*

7

# SERVICE OTHER THAN BY VIRGINIA SHERIFF

**COMMONWEALTH OF VIRGINIA**

VA. CODE §§ 8.01-293, 8.01-320, 8.01-325

Case No. CL17001418-00 ...........................................

Service No. 2 ............................................ (Clerk's use only)

ROANOKE CITY ................................................. Circuit Court

BLUESTONE ENERGY SALES CORP ........................ v. BANK OF NORTH CAROLINA .........

PINNACLE BANK, HUGH M. QUEENER, 150 3RD AVE SOUTH, SUITE 900, NASHVILLE, TN 37201

is the name and address of the person upon whom service of the following is to be made:

[ ] Summons and Complaint

[x] COMPLAINT

I, the undersigned, swear/affirm that

1. [ ] I am an official or an employee of an official who is authorized to serve process of the type described in the attached Proof of Service and my title and bailiwick are as follows:

   ..................................................................................

   or,

   [ ] I am a private process server (list name, address and telephone number below).

   ..................................................................................

   ..................................................................................

2. I am not a party to, or otherwise interested in, the subject matter in controversy in this case.

3. I am 18 years of age or older.

4. I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

   — Date and time of service: ......................................................

   — Place of service: ..............................................................

   STREET ADDRESS, CITY AND STATE

   — Method of service:

| [ ] Personal Service | [ ] Not Found |
|---|---|
| [ ] Being unable to make personal service, a copy was delivered in the following manner: | |

[ ] Delivery to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of person to be served after giving information of its purport. List name, age of recipient, and relation of recipient to party ...............................

..................................................................................

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode (other authorized recipient not found).

[ ] (Garnishment Summons Only, § 8.01-511) Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

..................................................................................

DATE OF MAILING

.............................................     ...........................................
DATE             SIGNATURE

Name (Print or Type) ...........................................................................

State/Commonwealth of ......................................... ,   [ ] City  [ ] County of .........................

Subscribed and sworn to/affirmed before me this ..................... day of ......................... , 20 ..........

by ............................................................................................
PRINT NAME OF SIGNATORY            TITLE

.............................................     ...........................................
DATE        NOTARY PUBLIC (My commission expires ...............................................)

Registration No. ......................................

FORM CC-1407 MASTER 10/13

# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL17001418-00

ROANOKE CITY ................................................................ Circuit Court

315 CHURCH AVENUE, SW, ROANOKE 24016
ADDRESS

TO:

PINNACLE BANK, HUGH M. QUEENER

150 3RD AVE SOUTH

SUITE 900

NASHVILLE, TN 37201

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

JULY 24, 2017 ................  HAMILTON, BRENDA S. ................................................ Clerk
DATE

by   /S/ JANET COLLIER ................................................
DEPUTY CLERK

Instructions:

Hearing Official: ................................................................

Uploaded: 2017JUL24 09:00 Filed By:Bar# 80489 AHOUCHENS Reference: EF-28642
E-Filed: 2017JUL24 ROANOKE CITY CC JCOLLIER at 2017JUL24 10:12 CL17001418-00

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| **BLUESTONE ENERGY SALES CORPORATION,** | ) |
| | ) |
| **A&G COAL CORPORATION,** | ) |
| | ) |
| **TAMS MANAGEMENT, INC.,** | ) |
| | ) |
| **DYNAMIC ENERGY, INC.,** | ) |
| | ) **Case No.:** |
| **KENTUCKY FUEL CORPORATION, and** | ) |
| | ) |
| **NINE MILE MINING, INC.** | ) |
| | ) |
| **Plaintiffs** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BANK OF NORTH CAROLINA, and** | ) |
| | ) |
| **PINNACLE BANK** | ) |
| | ) |
| **Defendants** | ) |

### COMPLAINT

COMES NOW, Bluestone Energy Sales Corporation, A&G Coal Corporation,

TAMS Management, Inc., Dynamic Energy, Inc., Kentucky Fuel Corporation and Nine

Mile Mining, Inc. (collectively the "Plaintiffs'), by counsel, and hereby file this

Complaint against Bank of North Carolina and Pinnacle Bank. In support thereof,

Plaintiffs states as follows:

### PARTIES

1.     Bluestone Energy Sales Corporation ("Bluestone") is a Virginia

corporation with its principal office located in Roanoke, Virginia.

1

STANLEY & HOUCHENS
LLC

2. A&G Coal Corporation ("A&G Coal") is a Virginia corporation with its principal office located in Roanoke, Virginia.

3. Tams Management, Inc. ("Tams") is a West Virginia corporation with its principal office located in Roanoke, Virginia.

4. Dynamic Energy, Inc. ("Dynamic") is a West Virginia corporation with its principal office located in Roanoke, Virginia.

5. Kentucky Fuel Corporation ("Kentucky Fuel") is a Delaware corporation with its principal office located in Roanoke, Virginia.

6. Nine Mile Mining, Inc. ("Nine Mile") is a Virginia corporation with its principal office located in Roanoke, Virginia. All of the Plaintiffs, except for Bluestone, are referred to collectively herein as the "Taxpayer Plaintiffs."

7. Bank of North Carolina ("BNC") is a North Carolina corporation with its principal office in High Point, North Carolina.

8. Pinnacle Bank ("Pinnacle") is a Tennessee corporation with its principal office in Nashville, Tennessee.

## FACTUAL BACKGROUND

9. BNC is a financial institution which provides banking and other financial services to businesses and individuals.

10. Pinnacle is also a financial institution which provides banking and other financial services to businesses and individuals.

11. The Plaintiffs each have separate banking relationships with BNC under which the Plaintiffs maintain various financial accounts with BNC, including their own individual business checking accounts (i.e., each entity has its own account and account

STANLEY & HOUCHENS
LLC

2

number, and these are not "joint accounts"). These accounts are subject to an Account Agreement with BNC. Additionally, as part of a treasury management system, Bluestone and BNC have a Business Zero Balance Sweep Balance Agreement whereby Bluestone's financial account automatically transfers amounts that exceed, or fall short of, a certain level at the close of each business day. This account assists with funding the financial accounts of the Taxpayer Plaintiffs (among other entities).

12.     Bluestone, however, maintains its own financial accounts with BNC and does not comingle its assets with the other Plaintiffs.

13.     The Plaintiffs do not have any financial accounts with Pinnacle and do not conduct any business with Pinnacle. There is no banking relationship between Pinnacle and the Plaintiffs.

14.     On June 16, 2017, Pinnacle and BNC announced that the two entities had merged. According to a press release, Pinnacle intends to operate BNC as a division of Pinnacle until late in the third quarter of 2017.

15.     The merger did not alter the Plaintiffs' financial accounts and BNC is still the operator of these accounts. The Plaintiffs make deposits, write checks and conduct other banking functions solely at BNC. In fact, the Plaintiffs cannot perform these functions at Pinnacle because they do not have any accounts with Pinnacle.

16.     On July 21, 2017, the Internal Revenue Service ("IRS") issued a Notice of Levy to Pinnacle and requested that Pinnacle attach and transfer funds for unpaid taxes associated with A&G Coal, Tams, Dynamic, Kentucky Fuel and Nine Mile. No levy was issued to Bluestone and no levy was issued to or served upon BNC.

3

STANLEY & HOUCHENS
LLC
SH

17.     BNC was never served with a levy from the IRS, instead, BNC learned of the levies from Pinnacle and immediately seized and attached Bluestone's funds. Again, Bluestone was not subject to any tax levy and maintains completely separate accounts from the Taxpayer Plaintiffs. Regardless, BNC withdrew funds from Bluestone for the following levies: $694,105.15 (A&G Coal), $145,007.09 (Tams), $255,955.00 (Dynamic), $136,084.97 (Kentucky Fuel), and $120,251.59 (Nine Mile). The overall withdraws from Bluestone totaled $1,351,403.80.

18.     BNC had no legal right to attach and transfer these assets. Pinnacle, not BNC was subject to the levy, and the seizure of Bluestone's assets was wholly improper.

19.     To date, Bluestone has demanded that BNC and/or Pinnacle return the improperly seized funds, but the Defendants have refused to do so.

## COUNT I
### Declaratory Judgment

20.     Plaintiffs reallege and incorporate by reference as if specifically pleaded herein the allegations set forth above.

21.     Bluestone is a distinct legal entity separate and apart from the other Taxpayer Plaintiffs.

22.     Bluestone does not comingle or combine assets with the Taxpayer Plaintiffs and each of the Plaintiffs maintains their own individual bank accounts with BNC (not joint accounts).

23.     Bluestone is not subject to a levy issued by the IRS.

24.     Pinnacle and BNC assert that they have the right to seize and transfer Bluestone's monetary assets held in Bluestone's BNC account as described herein. The sweep agreement does not grant Pinnacle and/or BNC the legal authority to transfer

4

STANLEY & HOUCHENS
LLC

Bluestone's assets to satisfy the tax levies of the Taxpayer Plaintiffs. Under this type of banking arrangement, applicable case law does not permit such a taking of a third party's asset held at a bank. *See United States v. National Bank of Commerce*, 472 U.S. 713, 105 S.Ct 2919 (1985); *PS Business Parks L.P.v. Deutsch Gilden Inc.*, 287 Va. 410, 758 S.E.2d 508 (2014).

25. Bluestone was not a title owner of the accounts of the Taxpay Plaintiffs.

26. Pinnacle and/or BNC improperly transferred $1,351,403.80 from Bluestone's account to satisfy the IRS levies of the Taxpayer Plaintiffs.

27. From the above, it is clear that there exists between the parties an actual controversy as to whether or not the assets of Bluestone should have been transferred, attached and/or seized by the Defendants.

WHEREFORE, Plaintiffs, respectfully requests that the Court enter judgment granting declaratory relief setting forth the rights and obligations of the parties with respect to whether or not the Defendants had the legal authority to seize, attach and/or transfer Bluestone's assets to satisfy the tax levies of the remaining Plaintiffs.

## COUNT II
### Declaratory Judgment

28. Plaintiffs reallege and incorporate by reference as if specifically pleaded herein the allegations set forth above.

29. Pinnacle bank was issued a notice of levy by the IRS for A&G Coal, Tams, Dynamic, Kentucky Fuel and Nine Mile. No notice of levy was issued to BNC and no levy was issued against Bluestone.

30. The Plaintiffs do not maintain financial accounts with Pinnacle.

STANLEY & HOUCHENS LLC

5

31.   BNC seized, attached and transferred Bluestone's assets in response to the tax levies issued to the remaining Plaintiffs.

32.   BNC had no legal authority to respond to a notice of levy issued to Pinnacle and in doing so infringed upon the rights of the Plaintiffs.

33.   BNC had no legal authority to seize, attach and transfer the assets of Bluestone.

34.   From the above, it is clear that there exists between the parties an actual controversy as to whether or not BNC had the legal authority to seize, attach and transfer the assets of Bluestone to satisfy tax levies issued to Pinnacle regarding the remaining Plaintiffs.

WHEREFORE, Plaintiffs, respectfully requests that the Court enter judgment granting declaratory relief setting forth the rights and obligations of the parties with respect to whether or not BNC had the legal authority to seize, attach and/or transfer Bluestone's assets to satisfy the tax levies of the remaining Plaintiffs.

### COUNT III
### Injunctive Relief

35.   Plaintiffs reallege and incorporate by reference as if specifically pleaded herein the allegations set forth above.

36.   The Defendants improperly and without legal justification seized, attached and transferred $1,351,403.80 from Bluestone's financial accounts to satisfy the tax levies of the Taxpayer Plaintiffs.

37.   This improper and illegal transfer damaged Bluestone and materially impacted its ability to do business and meet its financial obligations.

6

STANLEY & HOUCHENS LLC

38.     Bluestone has and will suffer irreparable harm because the full extent of damages caused by the Defendants' conduct is only estimable by conjecture.

39.     Bluestone is likely to prevail on the merits because the Defendants seized Bluestones assets without a notice of levy authorizing such a seizure and BNC seized these funds based upon a notice of levy issued to Pinnacle- a separate and distinct banking institution which holds no accounts for any of the Plaintiffs.

40.     Plaintiffs have no adequate remedy at law.

41.     Granting an injunction requiring the Defendants to return the improperly seized assets will not disserve the public interests.   Nor would such an injunction disserve the Defendants' interests.

WHEREFORE Plaintiffs, respectfully requests that the Court enter an injunction requiring the Defendants to return $1,351,403.80 to Bluestone and for such other and further relief the Court deems necessary and appropriate.

Respectfully submitted,

BLUESTONE ENERGY SALES
CORPORATION, et al.

By: _____
        Of Counsel

Aaron B. Houchens (VSB #80489)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, VA 24121
Tel: 540/721-6028
Fax: 540/721-6405
ahouchens@shg-law.com

*Counsel for Plaintiffs*

7